Judge Mills
delivered the opinion of the court.
This is an attachment issued by a justice of the peace, and returned to the circuit court, which quashed the attachment on motion of the defendant, on the sole ground that, although the attachment and attachment bond were dated on the same day, yet the bond recited that on that day the plaintiff had first issued or obtained the attachment. To reverse this opinion this appeal is prosecuted.
An attachment will be quashed if is sued before the bond be given, tho’ on the same day. Proceedings under this statute must strictly pursue the statute.
By the 6th section of the act directing the mode of proceedings by attachments of this nature, 1 Lit. 596, it is expressly directed, that the bond shall be executed before granting such attachment, and that every attachment issued without such bond taken, shall be illegal and void. It is clear that the decision of the court below supports the letter of the act. In proceedings of this character, which are always ex parte, plaintiffs have been, by the repeated decisions of this court, held to great strictness in the construction of the statute. It is not sufficient to authorise the courts to dispense with the positive directions of the statute, because they cannot see the reason on which its positive provisions are founded. Lex ita scripta est must, in such case, silence construction, even if no reason could be given for the provision. Besides, this court is not prepared to say that there is no reason for the provision. An attachment might do much mischief, and the plaintiff might come to different determinations according to the course of events in one day. If he should be allowed to take his attachment, and execute his bond at a convenient hour of the day afterwards, he might decline doing it, because he discovered that his responsibility in doing the act was greater than he at first apprehended. The design of the law, therefore, was, that he should secure the results of his responsibility, before he attempted to proceed ex parte against his adversary. Besides, if a justice could dispense with the requisites of the law for a part of a day, why might he not for a whole day, or many days, and at last the whole be excused by the answer that the defendant was still secured, and might make the plaintiff responsible, who might be amply able to discharge the damages recovered, although no bond was executed at all?
The decision of the court below must, therefore, be affirmed; but without costs, as the defendant has entered no appearance in this court.